# IN THE COURT OF APPEALS OF IOWA

No. 16-2134
Filed March 22, 2017

**IN THE INTEREST OF H.W.F., a/k/a M.F.,**
**Minor Child,**

**C.F., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

　　A father appeals from the juvenile court's order terminating his parental rights. **AFFIRMED.**

　　Alexander D. Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant father.

　　Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

　　Congarry D. Williams of the State Public Defender's Office, Des Moines, attorney and guardian ad litem for minor child.

　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

A father appeals from the juvenile court's order terminating his parental rights to his child, M.F.[1]  He argues (1) the State failed to prove the statutory grounds for termination by clear and convincing evidence, (2) termination is not in the child's best interests, and (3) exceptions to termination exist because the child is placed with a relative and shares a bond with the father.  Upon our de novo review, we affirm.

### I.    Background Facts and Proceedings

M.F. was born in July 2015.  The Iowa Department of Human Services (DHS) became involved with the family prior to M.F.'s birth due to a previous founded child protective services assessment against the father after his older child tested positive for an illegal drug in 2014.  DHS became involved with M.F. when he tested positive for marijuana at birth.  M.F.'s mother admitted to using marijuana while pregnant.  M.F. was removed from the father's custody in August 2015 due to the father's drug abuse.  The juvenile court adjudicated the child CINA in October 2015.

For the majority of the case, the father did not attempt to make any progress on the case plan or maintain sobriety.  He participated in some substance-abuse treatment, but he tested positive for multiple drug screens during that time.  In July and August 2016, the father refused to participate in drug screenings.  In September 2016, there was another founded assessment against the father after his older child again tested positive for methamphetamine

---

[1] Throughout the child-in-need-of-assistance (CINA) proceedings, the parties and the juvenile court referred to the child as M.F.  After filing the termination petition in August 2016, the State learned the child's legal name is H.W.F.  We refer to the child as M.F.

after being in his care in August. The father admitted to using methamphetamine during that time. From August until October, the father attended only one visit with M.F.

At the termination hearing in November 2016, the father submitted unverified, clean urine screenings from the previous two months and also presented evidence he was in outpatient substance-abuse treatment. Prior to the hearing, DHS and the court had been unaware of the father's involvement in these services. The DHS worker testified that, outside of the father's substance-abuse issues, there were no major parenting concerns. Despite this testimony, the DHS worker recommended termination of the father's parental rights and permanency for the child.

In December 2016, the juvenile court entered an order terminating the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2016).[2] The father appeals.

## II.    Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

---

[2] The juvenile court also terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h). She does not appeal.

### III.    Analysis

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis."  *In re M.W.*, 876 N.W.2d at 219.   First, we must determine whether the State established the statutory grounds for termination by clear and convincing evidence.  *See* Iowa Code § 232.116(1); *In re M.W.*, 876 N.W.2d at 219.   Second, if the State established statutory grounds for termination, we consider whether termination is in the child's best interests under section 232.116(2).  *See In re M.W.*, 876 N.W.2d at 219–20.  Finally, we consider whether any exceptions under section 232.116(3) weigh against termination. *See id.* at 220.

### A.    Statutory Grounds

Iowa Code section 232.116(1)(h) provides the court may terminate a parent's parental rights if the State proves by clear and convincing evidence the child (1) is three years old or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the custody of the parent at the time of the termination hearing.

The father does not dispute the State proved the first three elements required under section 232.116(1)(h): At the time of the termination hearing, M.F. was age three or younger; M.F. was adjudicated CINA in October 2015; and M.F. had been removed from the father's custody since August 2015, with no trial periods at home.  Instead, the father claims the State failed to prove adjudicatory harm to the child due to the father's drug use and the child could not be returned

to his custody at the time of the termination hearing. He cites the holdings in *In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014), and *In re M.S.*, 889 N.W.2d 675, 682, (Iowa Ct. App. 2016), in support of his claims.

In *In re J.S.*, the supreme court determined "general statements about methamphetamine addiction are [not] enough by themselves to prove that a child is imminently likely to suffer physical harm under [Iowa Code] section 232.2(6)(b)." 846 N.W.2d at 42. *In re J.S.* is important because it highlights the distinction between sections 232.2(6)(b)[3] and 232.2(6)(c)(2)[4]—a CINA determination under paragraph (b) may lead to the termination of parental rights under section 232.116(1)(d) before the statutory time period contained in section 232.116(1)(h) has passed. *See id.* at 41. In *In re M.S.*, our court reversed a juvenile court's order terminating the father's parental rights after determining "the mere fact of [marijuana] use does not establish adjudicatory harm." 889 N.W.2d at 682. Instead, our court found "the State must establish a nexus between the father's cannabis use and an appreciable risk of adjudicatory harm to the child within the meaning of section 232.102." *Id.*

---

[3] Under Iowa Code section 232.2(6)(b), a court may adjudicate a child CINA when the court finds a "parent . . . has physically abused or neglected the child, or is imminently likely to abuse or neglect the child."

[4] Under Iowa Code section 232.2(6)(c)(2), a court may adjudicate a child CINA if the court finds the child "has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child."

Here, M.F. was adjudicated CINA under section 232.2(6)(c)(2), (n),[5] and (o).[6] The father regularly used methamphetamine throughout the CINA cases involving his older child and M.F. "[A] juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care." *In re J.S.*, 846 N.W.2d at 42; *see also In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting "an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children"). Given the father's lengthy history of substance-abuse issues, and the more important fact that he has previously used methamphetamine while caring for a child, which resulted in that child testing positive for the drug on two separate occasions two years apart, we conclude M.F. was "imminently likely" to suffer harmful effects because of his father's substance abuse. "Our statutory termination provisions are preventative as well as remedial. Their goal is to prevent probable harm to the child; they do not require delay until after the harm has happened." *In re T.A.L.*, 505 N.W.2d 480, 483 (Iowa 1993) (citation omitted). We do not need to wait for M.F. to suffer the same harm suffered by his half-sibling. *See In re A.B.*, 815 N.W.2d at 778 (explaining "[e]vidence of the parent's past performance . . . may be indicative of the quality of the future care that parent is capable of providing" (citation

---

[5] Iowa Code section 232.2(6)(n) provides a court may adjudicate a child CINA if the court finds the "parent's . . . drug or alcohol abuse results in the child not receiving adequate care."

[6] Iowa Code section 232.2(6)(o) provides, in pertinent part, a court may adjudicate a child CINA if the court finds evidence of "an illegal drug present [in the child's body] as a direct and foreseeable consequence of the acts or omissions of the child's parent."

omitted)).  The State proved by clear and convincing evidence M.F. could not be returned to the custody of his father at the time of the termination hearing.

We affirm the termination of the father's parental rights to M.F. under Iowa Code section 232.116(1)(h).

### B.    Best Interests

The father next contends termination of his parental rights was not in the child's best interests under Iowa Code section 232.116(2).  Even if a statutory ground for termination is met under section 232.116(1), a decision to terminate must still be in the best interests of the child under section 232.116(2).  *In re M.W.*, 876 N.W.2d at 224.

We have thoroughly reviewed the record before us, "giv[ing] primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  As discussed above, the father has a history of serious substance abuse and has exposed one of his children to illegal drugs more than once.  He failed to successfully complete meaningful substance-abuse treatment and maintain sobriety.  He was dishonest with DHS and the court about his drug abuse and failed to see the impact it had on his family.  He did not begin to address his substance-abuse issues until the two months leading up to the termination hearing and did not notify DHS or the court of his treatment until the hearing.  Furthermore, the father regularly made excuses to not participate in visits with M.F.

We cannot ask this child to continuously wait for his father to become a stable parent.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).  "Time is a

critical element," and parents "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). "It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." *In re A.B.*, 815 N.W.2d at 778 (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997)). Termination is in M.F.'s best interests.

### C. Exceptions to Termination

"Once we have established that the termination of parental rights is in the [child's] best interests, the last step of our analysis is to determine whether any exceptions in section 232.116(3) apply to preclude the termination." *In re M.W.*, 876 N.W.2d at 225. The father asserts the juvenile court should not have terminated his parental rights because he shares a bond with the child and the child is placed with a relative.

Iowa Code section 232.116(3)(a) provides "[t]he court need not terminate the relationship between the parent and child if . . . [a] relative has legal custody of the child." Section 232.116(3)(c) provides a court may decide not to terminate a parent's parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The application of section 232.116(3) is permissive, not mandatory. *In re A.M.*, 843 N.W.2d at 113. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011).

After reviewing the record in its entirety, we agree with the juvenile court that any exception to termination should not be applied in this case. *See In re C.K.*, 558 N.W.2d at 174 ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."). M.F. is currently placed with his maternal aunt and is thriving in her care. The aunt is willing to adopt him. M.F. needs and deserves permanency and stability. *See In re A.B.*, 815 N.W.2d at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))).

Furthermore, the record does not show the father shares a bond with M.F. such that termination would be detrimental to the child. The child has been removed from the father's care and custody since he was one month old. The father has not taken advantage of all the offered visits with M.F. and did not always engage and interact with him. M.F. has been placed with his maternal aunt since the removal and is comfortable and well-adjusted in her home. In this case, no permissive factors under section 232.116(3) apply to preclude termination of the father's parental rights.

### D. Additional Time

Additionally, the father appears to argue the juvenile court should have granted him additional time to work toward reunification with his child. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if

it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d at 495. "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). Based upon our de novo review of the record, including the father's history of substance abuse and failure to maintain sobriety for any length of time, we are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b).

## IV.    Conclusion

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's ruling. Upon our de novo review, we conclude the State proved the statutory grounds for termination of the father's parental rights by clear and convincing evidence and termination is in the child's best interests. We further find no permissive factors weighing against termination exist so as to preclude termination. Finally, the juvenile court correctly denied any request for additional time to work toward reunification. Accordingly, we affirm.

**AFFIRMED.**